Filed 8/1/14  P. v. Robinson CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVANTE A. ROBINSON,<br><br>    Defendant and Appellant. | A170166<br><br>(City & County of San Francisco<br>  Super. Ct. No.<br>  CRI19001296) |

**MEMORANDUM OPINION**[1]

Defendant Davante A. Robinson appeals from the trial court's January 4, 2024 order denying his petition for resentencing under Penal Code section 1172.6 at the prima facie stage.[2]  His appointed counsel on appeal filed a brief identifying no arguable issues and requesting that we conduct an independent review of the record under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Having conducted an independent review of the record pursuant to the holding in that case, we affirm.

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

[2] All further statutory references are to the Penal Code unless otherwise specified.

1

On March 19, 2019, the People filed an information charging Robinson with the first degree murders of Donzell G. and Kenyatta B. (§ 187, subd. (a); counts 1 and 2); discharging a firearm at an occupied vehicle (§ 246; counts 3 and 4); participation in a criminal street gang (§ 186.22, subd. (a); count 5); possession of a firearm by a felon (§ 29800, subd. (a)(1); count 6); unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a); count 7); and receiving stolen property (§ 496d, subd. (a); count 8). The information also alleged that Robinson personally and intentionally discharged a firearm causing great bodily injury and death (§ 12022.53, subd. (d)) and included a multiple-murder special circumstance allegation (§ 190.2, subd. (a)(3)), among other enhancements.

On February 10, 2022, Robinson entered into a negotiated plea. The information was orally amended in court to add counts 9 and 10 for voluntary manslaughter (§ 192, subd. (a)) with a firearm use enhancement as to count 9 (§ 12022.5, subd. (a)). Robinson pled guilty to counts 9 and 10 and admitted the firearm use enhancement. Pursuant to the negotiated plea, the trial court sentenced Robinson to a total of 25 years in state prison, consisting of an upper term of 11 years on count 9 plus three additional years for the firearm use enhancement, and 11 years on count 10.

On March 16, 2023, Robinson filed a section 1172.6 petition for resentencing. The People opposed, arguing that Robinson had not made a prima facie case for relief because he pled guilty in February 2022, more than three years after Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Sen. Bill 1437) went into effect on January 1, 2019. Accordingly, the People argued that it could not have proceeded under an invalid theory of murder had Robinson's case proceeded to trial because Sen. Bill 1437 had already amended sections

2

188 and 189.[3]  At the section 1172.6 hearing, Robinson's counsel made no arguments and submitted on the papers filed.  The trial court summarily denied the petition, and Robinson timely appealed.

The *Delgadillo* brief filed by Robinson's counsel raises no cognizable legal issues.  Robinson was apprised of his right to file a supplemental brief but did not file one.  Following the guidelines set forth in *Delgadillo*, we have conducted an independent review of the record and conclude that there are no meritorious issues to be argued on appeal.  (See *People v. Reyes* (2023) 97 Cal.App.5th 292, 298-299 [no prima facie case for relief under section 1172.6 because the petitioner pled guilty *after* Sen. Bill 1437 had gone into effect].)

## DISPOSITION

The order denying Robinson's petition for resentencing is affirmed.

_____
CHOU, J.

We concur.

_____
SIMONS, Acting P. J.

_____
BURNS, J.

---

[3] In fact, sections 188 and 189 were already amended when the People filed its felony complaint against Robinson on January 28, 2019.